```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JEREMY WILCZYNSKI,        )
                          )
      Plaintiff,          )
                          )
  v.                      )    CIVIL ACTION NO. 02-CV-4456
                          )
JO ANNE B. BARNHARDT,     )
Commissioner of           )
Social Security,          )
                          )
      Defendant.          )
```

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Jo Anne B. Barnhart, sued solely in her official capacity as Commissioner of the Social Security Administration (hereinafter "Defendant"), by her undersigned counsel, Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, and Patricia D. Gugin, Assistant United States Attorney for the same district, hereby answers Plaintiff's Complaint as follows:

JURISDICTION AND VENUE

1. Admitted only that plaintiff invokes various federal statutes. This Court has jurisdiction in this action pursuant to 42 U.S.C. § 2000e-16.

2. Admitted with the further clarification that venue in this action is properly placed in the Eastern District of Pennsylvania pursuant to 42 U.S.C. § 2000e-5(f)(3).

3. Admitted.

## PARTIES

4.   Admitted.

5.   Admitted.

## ADMINISTRATIVE PREREQUISITES

6.   Denied.  Plaintiff filed an EEO Complaint, Agency Case Number 00-0360-SSA, on May 30, 2000.

7.   Admitted.

8.   Admitted.

## COUNT I

### (Title VII-Retaliation)

9.   Defendant hereby incorporates by reference her responses to paragraphs 1-8 of this Answer as if they were fully set forth herein.

10.   Denied.  Plaintiff is employed as a GS-4 File Clerk in the Active Files Unit of the Mid-Atlantic Social Security Center.  The referenced memorandum speaks for itself.

11.   It is admitted only that during his employ at the Mid-Atlantic Social Security Center, Plaintiff participated in matters before the EEOC.  However, after reasonable investigation, answering Defendant is without knowledge or information sufficient to form a belief as to whether other facts alleged within the corresponding paragraph are true; therefore they are denied.

12.   Denied.

13. Denied.

14. Admitted only that plaintiff denies any wrongdoing.

15. Denied.

16(a)-(f). Denied.

17. Denied.

18. Denied.

WHEREFORE, Defendant respectfully requests that the Court dismiss the Plaintiff's Complaint, and enter judgment against the Plaintiff and in favor of the Defendant, together with costs and such other relief as the Court deems just and appropriate.

## COUNT II

(Title VII-Gender Discrimination)

19. Defendant hereby incorporates by reference her responses to paragraphs 1-18 of this Answer as if they were fully set forth herein.

20. The first sentence of this paragraph is admitted. All other allegations are denied.

21. Admitted only that plaintiff denies any wrongdoing.

22. Denied.

23(a)-(f). Denied.

24. Denied.

25. Denied.

WHEREFORE, Defendant respectfully requests that the Court dismiss the Plaintiff's Complaint, and enter judgment against the

Plaintiff and in favor of the Defendant, together with costs and such other relief as the Court deems just and appropriate.

### COUNT III

(Title VII-Racial Discrimination)

26. Defendant hereby incorporates by reference her responses to paragraphs 1-25 of this Answer as if they were fully set forth herein.

27. Admitted.

28. Denied.

29. Admitted only that plaintiff denies any wrongdoing.

30. Denied.

31(a)-(f). Denied.

32. Denied.

33. Denied.

WHEREFORE, Defendant respectfully requests that the Court dismiss the Plaintiff's Complaint, and enter judgment against the Plaintiff and in favor of the Defendant, together with costs and such other relief as the Court deems just and appropriate.

### COUNT IV

(42 U.S.C. § 1983-Deprivation of Civil Rights)

34-38. Denied. Moreover, this Count has been dismissed with prejudice.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to allege a prima facie case of discrimination under Title VII based on retaliation/reprisal because he cannot demonstrate a causal connection between an adverse employment action and engaging in statutorily protected activity.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust his administrative remedies prior to filing this action with respected to all or part of the claims asserted.

## THIRD AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's claim that the Defendant discriminated against him when it denied him the opportunity to work "credit hours" because he did not exhaust his administrative remedies.

## FOURTH AFFIRMATIVE DEFENSE

The allegations of wrongdoing set forth at subparagraphs (a), (c) and (f) of paragraphs 16, 23 and 31 do not state adverse employment actions pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.

WHEREFORE, Defendant respectfully requests that the Court dismiss the Plaintiff's Complaint, and enter judgment against the Plaintiff and in favor of the Defendant, together with costs and such other relief as the Court deems just and appropriate.

Respectfully submitted,

PATRICK L. MEEHAN
UNITED STATES ATTORNEY


_____
JAMES G. SHEEHAN
Assistant United States Attorney
Chief, Civil Division


_____
PATRICIA D. GUGIN
Assistant United States Attorney

Dated: <u>October   2002</u>

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that service of the within Defendant's Answer to Plaintiff's Complaint was made upon:

>David M. Frazier, Esquire
>224 West Albermarle Avenue
>Lansdowne, PA 19050

by mailing a true and correct copy thereof, postage prepaid, on this   day of **October 2002.**

_____
PATRICIA D. GUGIN
Assistant United States Attorney